**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

MERY LOPEZ, et al.,

    Plaintiffs,

vs.                                                       CASE NO. 4:09-cv-128/RS/WCS

DHL WORLDWIDE EXPRESS, INC.,

    Defendant.

_____/

## CONSENT DECREE

### I.    INTRODUCTION

This Consent Decree relates to a class action gender discrimination lawsuit brought pursuant to Federal Rules of Civil Procedure 23(b)(3). The Consent Decree relates to charges alleged in the Complaint (Doc. 1) filed against Airborne Express, Inc., a wholly-owned subsidiary of Airborne, Inc. ("Airborne") and DHL Worldwide Express, Inc.[1] in conjunction with this Decree, brought by Representative Plaintiff Mery Lopez, on behalf of herself and all other women similarly situated (hereinafter "Lopez" or "Representative Plaintiff"). In the Complaint, the Representative Plaintiff alleged that Airborne and DHL had engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, on a class-wide basis by denying female employees equal pay and equal consideration and opportunities for promotion to management positions as that afforded male employees.

### II.    BACKGROUND

---

[1] As used herein, the term "DHL" shall refer to and include DHL Worldwide Express, Inc., DPWN Holdings (USA), Inc., DHL Express (USA), Inc., DHL Global Customer Solutions (USA), Inc., DHL Regional Services, Inc., and DHL Information Services (Americas) USA, Inc.

### A. Allegations of Class Representative Mery Lopez

Lopez filed a charge of discrimination against Airborne alleging company-wide gender discrimination in pay and promotions in May, 2002. Lopez also alleged individual claims of race discrimination, retaliation, and constructive discharge.

### B. The Airborne/DHL Merger

On or about August 15, 2003, pursuant to an agreement, DHL Worldwide Express, Inc. in the United States effectively merged with Airborne. The combined entity has since operated as DHL. After the merger, Airborne ceased to be a separate entity.

### C. Mediation

Sometime after Lopez filed her charge of discrimination, the parties agreed to engage in mediation in an attempt to settle the case. In furtherance of those efforts, DHL provided Plaintiffs' expert with relevant policies and documents and employment data, and the parties agreed to appoint Hunter Hughes as mediator. The parties engaged in extensive arms-length negotiations to arrive at the settlement embodied in the Consent Decree.

Throughout the negotiations leading to this Consent Decree, the Representative Plaintiff, the class, and DHL have at all times been represented by competent counsel experienced in employment discrimination class actions. Prior to the commencement of mediation, the Representative Plaintiff and DHL exchanged numerous documents relating to the claims of the Representative Plaintiff and the class. DHL has produced computerized personnel information and the Plaintiffs and DHL have exchanged expert analyses thereof. In-depth discussions regarding the claims and defenses of the Plaintiffs and DHL have occurred. As these facts reflect, this Consent Decree has been negotiated at arm's length, in good faith, with the assistance of experienced and knowledgeable counsel

and an experienced, impartial mediator and with the best interests of the Plaintiffs and DHL in mind based on an adequate knowledge of all the factual and legal issues presented by the Complaint.

Based upon their knowledge of the case and the extensive negotiations which have preceded this Consent Decree, the Representative Plaintiff and DHL want to implement a negotiated resolution of all the issues raised in the Complaint in this civil action and enter into a settlement which is final and binding upon all parties to this civil action, in order to avoid the burden, expense, and uncertainty of further litigation.  This Consent Decree has been jointly negotiated and drafted by counsel for DHL and the Representative Plaintiff who consent to the entry of this Consent Decree, as a final and binding settlement of this Civil Action in the belief that this Consent Decree is fair, reasonable, and adequate to resolve this case in its entirety, and that this settlement is in the best interests of the Representative Plaintiff, the Class, and DHL.  In reaching this conclusion, all counsel and their respective clients have considered, among other things, the expense, inconvenience, and the continuing demands of burdensome and protracted litigation, the risks inherent therein, and the benefits provided by the terms of this Consent Decree.

### III.     PURPOSES OF THE CONSENT DECREE

The purposes of this Consent Decree are:

A. To establish an expedited and fair procedure for implementing relief pursuant to the terms of this Consent Decree and for distributing a monetary settlement to eligible members of the settlement class;

B. To avoid further expensive and protracted litigation; and

C.      To provide finality to the resolution of all claims and defenses asserted in this action.

## IV.    DEFINITIONS

The following terms used in the Consent Decree shall have the following meanings:

A.      "<u>Airborne</u>" or "<u>Airborne Express</u>" means Airborne, Inc., Airborne Express, Inc., and/or the entity that merged with and is now owned by Defendant DHL.

B.      "<u>Approval Date</u>" means the date upon which the Court signs this Consent Decree after having conducted a Fairness Hearing, if required, and determined that it is fair, adequate and reasonable.

C.      "<u>Civil Action</u>" means this action, *Lopez, et al. v. DHL Worldwide Express, Inc., f/k/a Airborne Express, Inc.*, Civil Action No. 4:09-cv-128-RS-WCS (U. S. District Court for the Northern District of Florida).

D.      "<u>Claim Form</u>" means the form that must be submitted by Class members pursuant to **Section VIII** below in order to qualify for participation in payments from the Settlement Fund.

E.      "<u>Class</u>" is used herein interchangeably with Settlement Class and has the same meaning. "Settlement Class" is defined in **Section V.B**.

F.      "<u>Class Counsel</u>" means the law firm of Cohen Milstein Sellers & Toll PLLC and Thomas A. Warren Law Offices, P.L. and the individual attorneys of record for the Plaintiffs in this Civil Action.

G.      "<u>Class Fund</u>" means that portion of the Settlement Fund designated for payments to Plaintiff and Class members under **Section VIII** below.

H.      "Class Representative" means Mery Lopez.

I.      "Court" means the United States District Court for the Northern District of Florida.

J.      "DHL" or "Company" shall refer to and include DHL Worldwide Express, Inc., DPWN Holdings (USA), Inc., DHL Express (USA), Inc., DHL Global Customer Solutions (USA), Inc., DHL Regional Services, Inc., and DHL Information Services (Americas) USA, Inc.

K.      "Fairness Hearing" shall be the hearing at which the Court decides whether or not to grant final approval to the Consent Decree.

L.      "Final Approval" means the entry of this Consent Decree on the Approval Date and either: (1) the expiration of the time for filing of a direct appeal from the Court's approval of the Consent Decree without a notice of appeal having been filed, or (2) if a timely direct appeal is filed, including any requests for rehearing and/or petitions for writ of certiorari, the final resolution of that appeal resulting in final judicial approval of the Consent Decree.

M.      "DHL's Counsel" means the law firm of Orrick, Herrington, & Sutcliffe LLP.

N.      "Notice and Administration Costs" means the costs and fees of the Settlement Administrator to provide notice, to administer the settlement, and to establish the Settlement Fund, including any and all costs and fees of the administrator of the Settlement Fund, as described below.

N.      "Preliminary Approval Date" means the date on which the Court entered an Order preliminarily approving this Consent Decree, pending notice, and giving members of the class an opportunity to opt out of the Settlement Class or submit objections to the Consent Decree, after holding a preliminary fairness hearing, if required.

O.  "Sales Division" means that part of Airborne's organization comprised of employees in non-union positions working in the Sales Division of the company at any location nationwide at any time from July 8, 2001, through December 31, 2003.

P.  "Service Award" means the amount payable to the Class Representative as set forth in **Section VIII.B**. in acknowledgement of the effort and time she expended on the prosecution of this Civil Action.

Q.  "Settlement Class" is defined in **Section V.B.** of the Decree.

R.  "Settlement Fund" is defined and described in **Section VIII** below.

S.  "Settlement Administrator" shall mean Settlement Services, Inc. of Tallahassee, Florida.

T.  "Washington Employees" all employees in non-union positions employed by Airborne in the State of Washington in any division at any time from July 8, 2001, through December 31, 2003.

## V.   CLASS DEFINITION AND CERTIFICATION

A.  The Civil Action is certified (solely for the purpose of implementing this Consent Decree and the parties' settlement embodied in it) pursuant to Federal Rule of Civil Procedure 23 (b)(3).

B.  The Settlement Class consists of:

All women who worked at Airborne at any time from July 8, 2001, through December 31, 2003, including any such women who continued to work at DHL after December 31, 2003, in a non-union position, either exempt or non-exempt, in the State of Washington or in sales nationwide, through the Preliminary Approval Date.

The Settlement Class consists of 1,138 women. The list of Class Members is filed in the docket as Document 8.

C. Class Members who have filed a timely request to opt out of the monetary relief provisions of this Consent Decree shall not be deemed, pursuant to **Section VII** below, to release any claims for individual monetary relief.

D. This Civil Action and all claims made therein by or on behalf of the Representative Plaintiff and the Class against each, any, and all of the defendants are settled and shall be dismissed with prejudice upon Final Approval of this Consent Decree.

E. In the event that Final Approval of this Consent Decree is not obtained, the fact that certification of a Settlement Class was sought herein or that Representative Plaintiff and DHL entered into this Consent Decree shall not be deemed a waiver or assertion of any position or defense by Plaintiff or DHL in further proceedings in this case including, but not limited to, the question of the appropriateness of class certification, and this Consent Decree shall not then be admissible in any court regarding the propriety of class certification, in this or any other action.

## VI. JURISDICTION AND TERM OF DECREE

A. The court has jurisdiction over the parties and the subject matter of this action. The Complaint in this action asserts claims that, if proved, would authorize the court to grant the relief set forth in this Consent Decree. Venue is proper in this court. The court shall retain jurisdiction of this Civil Action for the purpose of entering all orders which may be necessary to implement the relief provided by this Consent Decree.

B. This Consent Decree and the court's jurisdiction of the case shall terminate upon the final distribution of the settlement payments required in **Section VIII.B**.

## VII. RELEASE OF CLAIMS

### A. Release of Claims by Settlement Class

Upon Final Approval of the Consent Decree, all Settlement Class Members who do not timely opt out will release all claims of gender discrimination in pay and promotions to management positions against DHL or Airborne under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for the liability period of July 8, 2001, through the preliminary approval date.

### B. Individual Claims of Class Representative

Upon final approval of the Consent Decree, all individual claims of discrimination asserted by Class Representative Mery Lopez against Airborne or DHL will be released, including those claims for race discrimination, retaliation, and constructive discharge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

### C. No Bar to Future Claims

Nothing in the Decree shall be construed to bar any claims of members of the Settlement Class or Class Representative that arise from conduct occurring after the Preliminary Approval Date.

## VIII. MONETARY RELIEF – PAYMENT, CLAIMS PROCESSING AND DISTRIBUTION OF SETTLEMENT FUND

### A. Monetary Payment

1. Within ten (10) days after Preliminary Approval by the court of this Consent Decree, DHL shall pay the gross sum of three million, six hundred and fifty thousand

dollars ($3,650,000.00) for the purpose of making the following payments pursuant to this Consent Decree:

(a) monetary relief for the Representative Plaintiff and the five individual Plaintiffs represented by Class Counsel who also asserted individual claims in the Complaint, each of whom shall execute a general release;

(b) monetary relief for the class;

(c) all attorneys' fees and costs;

(d) all Notice and Administration Costs, including but not limited to any and all costs of notice and administration of the claims process, any necessary mailing or tracing of addresses, and any and all costs and fees of the Settlement Administrator; and

(e) the employee's share of any employment taxes (it is anticipated that any monetary relief, consistent with the allegations and facts, will be allocated 8% for pre-judgment interest, 67% for compensatory damages, and 25% for lost wages).

2. In addition, DHL shall pay the employer's share of any applicable payroll taxes on the portion of class member awards designated as wages, no later than ten (10) days from the date the Settlement Administrator provides DHL with the amount as provided in **Section VIII.K**.

3. The Settlement Administrator, Settlement Services, Inc., has been selected by counsel for the parties. The Settlement Administrator will open and administer an interest-bearing account (the "Settlement Fund" "Fund" or "Qualified Settlement Fund") with a unique Tax Payer Identification Number. The monetary payment described above shall be made into this account. Notice and Administration Costs shall be paid from the Settlement Fund.

  4. The Settlement Fund account shall accrue interest at the customary rate paid by the commercial bank where the funds are deposited. Until all moneys have been paid out of that account, the accrued interest shall be used to pay the Notice and Administration Costs of the Settlement Fund including the distribution of the monetary payments, required tax reporting, and other charges as set forth in this Section.

  5. Class Counsel may direct the Settlement Administrator to pay only the notice and administration costs of the claim and approval process out of the Settlement Fund, including any and all costs to administer the settlement, and no other costs for any other purposes, until the final approval of the Consent Decree.  If final approval of the Consent Decree is not obtained or DHL exercises its right to void the Consent Decree as provided for in Section VII.B of the Preliminary Approval Order, the Settlement Administrator shall return the balance of the Settlement Fund, plus accrued interest, and less actual costs of notice and administration incurred, to DHL.

  6. The obligation of DHL with respect to this Settlement Fund will be met in full upon receipt by the Settlement Administrator of the above-stated settlement amount, except that DHL is also responsible for the employer's share of taxes on any portion of awards designated as wages as set forth in **Section VIII.K**.  DHL will have no further monetary obligations to the Class Representative, individual plaintiffs, Settlement Class, Class Counsel, or any obligations to pay notice and administration costs, including costs and fees of the Settlement Administrator, or any other settlement costs, taxes associated with the Settlement Fund or distributions from the Settlement Fund. All other federal, state and local withholding, employment, unemployment, excise or similar taxes that may be imposed on the Settlement Fund, or with respect to distributions from the Settlement Fund,

shall be paid from the Settlement Fund. Only withdrawals authorized by this Consent Decree may be made from the account.

### B.      Distribution of the Settlement Fund

#### 1.      Class Representative

Class Representative Mery Lopez shall receive a service award in the liquidated amount of $60,000. This liquidated amount will compensate the Class Representative for the time and effort she expended in these proceedings. It will be considered compensatory damages and will be reported on an IRS Form 1099.

In addition, the Class Representative shall receive an award of $190,000 in settlement of all individual claims she alleged against Airborne and DHL, including her individual claims of pay and promotion gender discrimination, pay and promotion race discrimination, retaliation, and discriminatory constructive discharge as alleged in ¶¶ 29-42 of the Complaint. This amount will be allocated as follows: 8% will be considered pre-judgment interest and will be reported on an IRS Form 1099-INT, 75% will be considered compensatory damages and will be reported on an IRS Form 1099-MISC, and 25% will be considered wages and reported on an IRS Form W-2.

Payment of these sums, in a total amount of $250,000, shall be made by the Settlement Administrator no later than seven (7) calendar days after final approval.

#### 2.      Plaintiffs with Non-Class Claims

The five non-class representative Plaintiffs, Elizabeth Bird, Kathleen Eichenberg, Betty Hoffman, Tonya Brinson, and Eva Viola, shall each receive $50,000, in settlement of all individual claims each alleged against Airborne and DHL. These amounts will be allocated as follows: 8% will be considered pre-judgment interest and will be reported on an IRS Form 1099-INT, 75% will be considered compensatory damages and will be reported

on an IRS Form 1099-MISC, and 25% will be considered wages and reported on an IRS Form W-2.

Payment of these sums, in a total amount of $250,000, shall be made by the Settlement Administrator no later than seven (7) calendar days after final approval.

### 3. Settlement Class

The Settlement Administrator will distribute from the Settlement Fund Account the sum of approximately $2,100,000 (less applicable Notice and Administration costs) to eligible members of the settlement class who do not opt out based on a formula set out in the allocation plan as set forth in **Section VIII.J**.

## C. Notice

The names of all members of the settlement class, as identified by DHL from its records, are attached hereto as Appendix A. If it has not already done so, within seven (7) business days following the preliminary approval date, DHL shall provide the Settlement Administrator with a computer disk containing the social security numbers, last known addresses and phone numbers, start dates, and as applicable, end dates of employment with Airborne and, as applicable, DHL for all employees named in the Errata Appendix A to the Proposed Consent Decree (Doc. 8-2), through December 31, 2008.

The Settlement Administrator shall update the address information for Settlement Class members as may be available through the National Change of Address ("NCOA") system. Within 30 days of the Preliminary Approval Date, the Settlement Administrator shall mail, via first class postage, Notices and Claim Forms to all Settlement Class members at their last known address or at the most recent address that may have been obtained through the NCOA. The Claims Administrator will trace all returned undeliverable notices and re-mail to the most recent address available as returned by the trace.

### D. Submission of Claim Forms

Class members who seek recovery of monetary compensation must complete a claim form and cause it to be filed with the Settlement Administrator postmarked by the date that is sixty (60) days from the notice mailing date. All claim forms must be signed under penalty of perjury to be considered. Failure to file a timely claim form, for any reason whatsoever, shall bar the class member from having her claim considered for receiving monetary compensation from the Settlement Fund. Class members who file a claim form must notify the Settlement Administrator of any change of address. A failure to notify the Settlement Administrator of any change of address could result in a forfeiture of a monetary award.

### E. Deceased or Incapacitated Claimants

Claims may be filed by deceased claimants through representatives of their estate or incapacitated claimants through their designated representatives if appropriate documentation is provided. Claim payments shall be made payable to the estate of the deceased claimant or the designated representative of the incapacitated claimant.

### F. Determining Eligibility

The Settlement Administrator shall make the determination as to whether a claim form is complete. If it is not complete, the Settlement Administrator shall request additional information from the claimant, if it appears that such additional information would complete the Claim Form. Such requests for information shall be in writing and will be sent via first class mail, and shall inform the claimant that a response is required postmarked no later than twenty (20) days from the date which the request for information was mailed and must be received by the Settlement Administrator no later than thirty (30) days from the date which the request for information was mailed. The claimant must provide the

requested information, signed under penalty of perjury, by mail to the Settlement Administrator.  The failure to timely respond to a request for information may result in the denial of a claim.

### I. Late-Filed and Other Ineligible Claims

For claims received after the filing deadline, the Settlement Administrator shall notify late-filing claimants that their claims are untimely and they are not eligible for any monetary award.  No late claim forms will be accepted and late-filing claimants may not contest their ineligibility to receive a monetary award.

Claimants that are otherwise ineligible, including but not limited to those claims made by claimants who did not timely respond to requests for additional information, shall be notified by the Settlement Administrator of their ineligibility.  These claimants may not contest their ineligibility to receive a monetary award.

All eligibility determinations, including those related to membership in the class, shall be made by the Settlement Administrator using the employment data provided by DHL.  Challenges to that data are not allowed.  The decision of the Settlement Administrator with respect to eligibility for a monetary award is final and non-appealable.

### J. Allocation Plan

Each class member who seeks to receive an award must fill out the claim form and supply the information requested related to her claim.  All claimants must complete the portion(s) of the claim form associated with the type of claim they want to assert, as well as fully complete the biographical information and signature under oath sections of the claim form.  For those that complete the appropriate sections, the Settlement Administrator shall assign each a certain number of points based on her length of employment at Airborne and DHL from July 8, 2001 through December 31, 2008 and

the type of claim she asserted. Specifically, claimants shall receive one point for each month of employment at Airborne Express or DHL between July 8, 2001 and December 31, 2008 to arrive at a claimant's total "tenure points." Partial months shall be rounded up to the next whole month. Each claimant's tenure points shall then be multiplied by a factor based on the type of claim or claims she asserted. Claimants can assert three types of claims: (a) a pay claim; (b) a promotion to a management claim; and/or (c) for claimants who held management positions, a promotion to higher management claim. The factors associated with these claims or combinations of claims are as follows:

| Type of Claim Asserted | Factor |
|---|---|
| Claim (a) only | .2 |
| Claim (b) only | .4 |
| Claim (c) only | .4 |
| Claim (a) and (b) | .6 |
| Claim (a) and (c) | .8 |
| Claim (b) and (c) | .6 |
| Claim (a), (b), and (c) | .8 |

Claimants asserting multiple claims on the Claim Form can only recover a maximum of eight-tenths (.8) of a point for each full month of employment between July 8, 2001 and December 31, 2008. These point allocations shall be made by the Settlement Administrator using the employment data provided by DHL. Challenges to that data will not be allowed.

The Settlement Administrator shall total the points applicable to all eligible claimants, determine each eligible claimant's proportionate share of the total points, and allocate each eligible claimant's proportionate share of the Settlement Fund accordingly.

**K.**     **<u>Distribution of Monetary Awards</u>**

As soon as practicable after making the calculations required by the allocation plan set forth in **Section VIII.J.**, the Settlement Administrator shall distribute the monetary awards to eligible class members via first class mail.  The Settlement Administrator shall only issue the checks in the name of the eligible class members unless a) the class member provides legal proof of change of name; or b) **Section VIII.E.** (deceased or incapacitated claimants) is applicable.  The checks shall be invalid if not cashed within ninety (90) days of the date of issue.  The Settlement Administrator will take reasonable efforts to deliver checks to class members whose checks are returned undeliverable.

Awards shall be allocated to lost wages and compensatory damages and interest, with 25% of each class member award allocated to lost wages, 67% allocated to compensatory damages and 8% allocated to pre-judgment interest.  The amount allocated to lost wages shall be subject to withholding for federal income and federal and state payroll taxes.  Each class member will be responsible for the employee's share of all income taxes owed on her monetary award, and DHL shall be responsible for the employer's share of all applicable payroll taxes on awards paid from the Settlement Fund.  The Settlement Administrator shall inform DHL of the amount of the employer's share of applicable taxes.  The amounts allocated to compensatory damages and interest shall not be subject to withholding and shall be reported, if required, to the IRS on Form 1099.

Included with the check due to each eligible claimant will be a statement showing the gross amount of the payment and an itemized statement of all deductions made.  Flat rate deductions from gross amounts that are determined to be wage payments will be made for federal income taxes.  The employee's share of social security and medicare tax, and any local income or payroll taxes, will be based on the domicile of the Qualified Settlement Fund in Tallahassee, Florida.

**L.     Confidentiality of Claimant Information**

The identity of the claimants will not be disclosed to anyone at DHL.

**M.     *Cy Pres* Fund**

It is the intention of the parties to distribute completely the funds in the Settlement Fund Account.  If, despite the best efforts of the Settlement Administrator to distribute all class member awards, if checks remain uncashed after they have become invalid, the remaining sum shall become part of a *cy pres* fund to be distributed to National Partnership for Women and Families and the National Women's Law Center.

### IX.     PAYMENT OF FEES AND COSTS TO CLASS COUNSEL

**A.     Amount of Payment**

Class Counsel shall receive the sum of one million dollars ($1,000,000) for full and final payment of all claims for attorneys' fees, costs and litigation expenses in connection with this Civil Action.

These amounts shall be awarded to Class Counsel, and shall be divided among them as they may agree.  In no event will any of the Class Counsel seek any additional amounts for attorneys' fees, costs and litigation expenses in connection with this Civil Action.

**B.     Method and Timing of Payment**

Within seven (7) business days of Final Approval, or issuance of an order approving attorneys' fees and costs, whichever is later, the Settlement Administrator shall disburse to Class Counsel the entirety of the amount designated to the respective attorneys for Plaintiff and the Class as they shall jointly direct in writing.  At the time of such disbursements and payments it shall be the sole responsibility of the Settlement Administrator to ensure that there are sufficient funds in the Settlement Fund to cover all the administrative, withholding and other amounts chargeable to the Settlement Fund as set forth in this Decree.

### X. MISCELLANEOUS PROVISIONS

A.  **Duty to Defend the Decree**.

Class Counsel and DHL agree to use their best efforts to defend this Consent Decree from any legal challenge, whether by appeal or collateral attack.

B.  **The Parties Are Bound**.

The terms of this Consent Decree shall be binding on the Plaintiff, Class members, Airborne, DHL, and their respective successors and assigns.

C.  **Consent Decree Is The Complete Understanding of Parties**.

This Consent Decree constitutes the complete understanding among the parties with respect to the matters herein. The only obligations that shall be imposed on any party pursuant to this Consent Decree are those expressly set forth herein. No additional obligations are to be imposed or implied.

D.  **Interpretation of Consent Decree**.

Whenever possible, each provision and term of this Consent Decree shall be interpreted in such a manner as to be valid and enforceable. In the event that after Final Approval, any provision or term of this Consent Decree should be determined unenforceable on collateral review, all other provisions and terms of this Consent Decree and the application of the Consent Decree to all persons and circumstances as provided by the Consent Decree shall remain unaffected to the extent permitted by law. If the application of any provision or term of this Consent Decree to any specific person or circumstance should be determined to be invalid or unenforceable, the application of such

provision or term to other persons or circumstances shall remain unaffected to the extent permitted by law.

**ORDERED** on July 14, 2009.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

*Thomas A. Warren*

**THOMAS A. WARREN**
Thomas A. Warren Law Offices, P.L.
2032-D Thomasville Rd.
Tallahassee, FL 32308
Phone: (850) 385-1551
Facsimilie (850) 385-6008
tw@nettally.com

**Joseph M. Sellers**
Cohen, Milstein, Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jsellers@cohenmilstein.com

*For the Plaintiffs and the Class*

**GARY SINISCALCO**
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Phone: (415) 773-5700
Facsimile: (415) 773-5759
grsiniscalco@orrick.com

**Edwin V. Woodsome, Jr.**
**Andrew Wong**
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Phone: (213) 629-2020
Facsimile: (213) 612-2499
ewoodsome@orrick.com
aswong@orrick.com

*For Defendant DHL*